IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARK ROACH, | § |
| | § |
|     Plaintiff-Counterdefendant, | § |
| | § Civil Action No. 3:13-CV-4640-D |
| VS. | § |
| | § |
| BOB BERLAND, et al., | § |
| | § |
|     Defendants-Counterplaintiffs- | § |
|     Third-Party Plaintiffs, | § |
| | § |
| VS. | § |
| | § |
| TRIVISTA ENERGY LLC, et al., | § |
| | § |
|     Third-party Defendants. | § |

MEMORANDUM OPINION
AND ORDER

Third-party defendant Trivista Energy LLC ("Trivista") moves to dismiss the third-party action of defendants-counterplaintiffs-third-party plaintiffs Bob Berland, Tyler Chastain, and Shawn Lackey (collectively, "third-party plaintiffs") under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. Third-party defendant Rocco Pugliese ("Pugliese") moves for partial dismissal, seeking the dismissal of third-party plaintiffs' claims for quantum meruit and constructive trust.[1] The court grants the motions

---

[1] On June 20, 2014 third-party plaintiffs filed a pleading that, in addition to answering plaintiff's state-court petition and asserting counterclaims, purported to assert "cross-claims" against nonparties Trivista and Pugliese. Consequently, when Trivista and Pugliese filed the instant motions to dismiss, each referred to itself or himself as a "cross-defendant" and to third-party plaintiffs as "cross-plaintiffs." These party references are incorrect. Under Rule 13(g), a "crossclaim" is a claim "by one party against a coparty." Trivista and Pugliese are

and also grants third-party plaintiffs leave to file an amended third-party complaint.[2]

I

Third-party plaintiffs assert claims against Trivista and Pugliese for quantum meruit and constructive trust.[3] Trivista maintains that third-party plaintiffs cannot recover for quantum meruit because, *inter alia*, the work and services that third-party plaintiffs allegedly performed occurred before Trivista came into existence, and therefore could not have been performed with an expectation of payment from Trivista. Pugliese contends, *inter alia*, that third-party plaintiffs do not allege that they expected payment from him at the time they performed the services for which they now seek recovery, or that those services were performed for him. Regarding the constructive trust claim, Trivista and Pugliese contend, *inter alia*, that constructive trust is a remedy under Texas law, not an independent cause of action. Third-party plaintiffs oppose the motions.

---

not coparties of third-party plaintiffs. Instead, Trivista and Pugliese are nonparties in relation to plaintiff's suit against third-party plaintiffs. The claims of third-party plaintiffs against Trivista and Pugliese are therefore necessarily brought under Rule 14(a)(1). They are third-party claims, i.e., claims of defending parties against nonparties, and the court will refer to them as such.

[2]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[3]Third-party plaintiffs assert other claims against Pugliese that are not the subject of Pugliese's motion.

II

Under Rule 12(b)(6), the court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive this motion to dismiss, third-party plaintiffs must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

III

A

Under Texas law, the quantum meruit remedy "is based upon the promise implied by law to pay for beneficial services rendered and knowingly accepted.  Recovery in quantum meruit will be had when non payment for the services rendered would result in an unjust enrichment to the party benefited by the work." *MetroplexCore, L.L.C. v. Parsons Transp., Inc.*, 743 F.3d 964, 975 (5th Cir. 2014) (per curiam) (quoting *Vortt Exploration Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990)) (internal quotation marks omitted). To recover on their quantum meruit claim, third-party plaintiffs must establish that: "1) valuable services and/or materials were furnished, 2) to the party sought to be charged, 3) which were accepted by the party sought to be charged, and 4) under such circumstances as reasonably notified the recipient that the plaintiff, in performing, expected to be paid by the recipient." *Id.* (quoting *Vortt*, 787 S.W.2d at 944) (internal quotation marks omitted).

Third-party plaintiffs have not pleaded a plausible claim that they furnished valuable services *to Trivista* that were accepted *by Trivista*, nor have they pleaded a plausible claim that they furnished valuable services *to Pugliese* that were accepted *by Pugliese*.  They may, in fact, have a plausible quantum meruit claim against someone and may have a plausible claim of some type against Trivista and Pugliese, but they have not pleaded a plausible quantum meruit claim against Trivista itself or Pugliese himself.  The court therefore dismisses the quantum meruit claims against Trivista and Pugliese.

B

Under Texas law, "[a] constructive trust is an equitable remedy used to prevent unjust enrichment." *Baxter v. PNC Bank Nat'l Ass'n*, 541 Fed. Appx. 395, 396 (5th Cir. 2013) (per curiam) (citing *Everett v. TK-Taito, LLC*, 178 S.W.3d 844, 859 (Tex. App. 2005, no pet.)). "A constructive trust is not a cause of action under Texas law." *In re Moore*, 608 F.3d 253, 263 (5th Cir. 2010). Accordingly, the court dismisses the constructive trust cause of action as a *claim* against Trivista and Pugliese, while noting that this does not preclude third-party plaintiffs from establishing on some legally available basis that they are entitled to a constructive trust as a *remedy*.

IV

Although the court is granting Trivista's and Pugliese's motions to dismiss under Rule 12(b)(6), it will permit third-party plaintiffs to replead. *See, e.g., In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (noting that district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing case, unless it is clear that defects are incurable or plaintiffs advise court that they are unwilling or unable to amend in a manner that will avoid dismissal). Because there is no indication that third-party plaintiffs cannot, or are unwilling to, replead in an attempt to state claims against Trivista and Pugliese, the court grants them leave to file an amended third-party complaint within 28 days of the date this memorandum opinion and order is filed.

\* \* \*

Trivista's July 14, 2014 motion to dismiss and Pugliese's September 30, 2014 partial motion to dismiss are granted, and third-party plaintiffs are granted leave to file an amended third-party complaint.

**SO ORDERED**.

December 2, 2014.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE