IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARK ROACH, § | |
| § | |
| Plaintiff-Counterdefendant, § | |
| § | Civil Action No. 3:13-CV-4640-D |
| VS. § | |
| § | |
| BOB BERLAND, et al., § | |
| § | |
| Defendants-Counterplaintiffs- § | |
| Third-Party Plaintiffs, § | |
| § | |
| VS. § | |
| § | |
| TRIVISTA ENERGY LLC, et al., § | |
| § | |
| Third-party Defendants. § | |

MEMORANDUM OPINION
AND ORDER

The court decides five motions pending in this case.

I

The background facts and procedural history of this case are set out in the court's prior memorandum opinion and order. *See Roach v. Berland*, 2014 WL 6772612, at *1 (N.D. Tex. Dec. 2, 2014) (Fitzwater, J.) ("*Roach I*"). The court will therefore limit its summary of the facts and procedural history to what is pertinent to today's decision.

The following motions are pending for resolution: the Fed. R. Civ. P. 12(b)(6) motion of third-party defendants Trivista Energy LLC ("Trivista") and Rocco Pugliese ("Pugliese") to dismiss the claim for restitution and unjust enrichment asserted against them by defendants-counterplaintiffs-third-party plaintiffs Bob Berland, Tyler Chastain, and Shawn

Lackey (collectively, "third-party plaintiffs"); third-party plaintiffs' motion to dismiss the third-party counterclaim for attorney's fees asserted by Trivista; third-party plaintiffs' motion for leave to amend pleadings; third-party plaintiffs' motion for leave to supplement their reply in support of their motion for leave to amend pleadings; and third-party plaintiffs' motion to extend deadline to designate experts and certain other deadlines in scheduling order.

II

The court begins with Trivista and Pugliese's motion to dismiss third-party plaintiffs' claim for restitution and unjust enrichment.

A

Under Rule 12(b)(6), the court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive this motion to dismiss, third-party plaintiffs must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be

enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

B

In their second amended answer and counterclaims and first amended third-party claims ("amended third-party claims"), third-party plaintiffs assert a claim against Trivista and Pugliese for "Restitution & Unjust Enrichment." Trivista and Pugliese move to dismiss this claim, contending, *inter alia*, that third-party plaintiffs cannot recover on a claim for unjust enrichment or restitution because neither is a recognized cause of action under Texas law. Third-party plaintiffs respond that, even if unjust enrichment is not recognized as an independent cause of action under Texas law, they can still bring a claim for restitution based on a theory of unjust enrichment.

C

This court has previously held that Texas law does not recognize an independent cause of action for unjust enrichment. *Hancock v. Chi. Title Ins. Co.*, 635 F.Supp.2d 539,

560 (N.D. Tex. 2009) (Fitzwater, C.J.); *see also Redwood Resort Props., LLC v. Holmes Co.*, 2006 WL 3531422, at *9 (N.D. Tex. Nov. 27, 2006) (Fitzwater, J.) (dismissing unjust enrichment claim and holding that it is not an independent cause of action). "Moreover, Texas courts of appeals have consistently held that unjust enrichment is not an independent cause of action, but is instead a theory upon which an action for restitution may rest." *Hancock*, 635 F.Supp.2d at 560 (citing *Argyle Indep. Sch. Dist. v. Wolf*, 234 S.W.3d 229, 246-47 (Tex. App. 2007, no pet.); *Friberg-Cooper Water Supply Corp. v. Elledge*, 197 S.W.3d 826, 831-32 (Tex. App. 2006, pet. granted), *rev'd on other grounds*, 240 S.W.3d 869 (Tex. 2007); *Mowbray v. Avery*, 76 S.W.3d 663, 680 (Tex. App. 2002, pet. denied)). In *Hancock* this court explained,

> It is true . . . that the Supreme Court of Texas and other courts still occasionally refer to an "unjust enrichment claim." These opinions do not, however, characterize unjust enrichment as a separate cause of action from money had and received; they consider it to be a general theory of recovery for an equitable action seeking restitution. . . . Plaintiffs have cited no cases in which the Supreme Court of Texas has recognized a claim for unjust enrichment as independent from an action for money had and received, and the court concludes Texas law indicates that they are not separate and independent claims.

*Id.* at 560-61 (citations omitted).

Third-party plaintiffs contend that, even if unjust enrichment is not an independent cause of action, they can still bring a claim for restitution based on unjust enrichment. But third-party plaintiffs fail to cite any cases in which the Supreme Court of Texas has recognized restitution as an independent cause of action, and there is conflicting authority

within the Texas courts of appeals on the availability of such a claim. *Compare Miller v. Recovery Sys., Inc.*, 2013 WL 5303060, at *9 (Tex. App. Sept. 19, 2013, pet. denied) (mem. op.) ("Restitution is another common law cause of action that arises when a person is unjustly enriched at the expense of another.") *with City of Harker Heights, Tex. v. Sun Meadows Land, Ltd.*, 830 S.W.2d 313, 317 (Tex. App. 1992, no writ) ("Restitution involves restoring property or money taken from the plaintiff. It is a measure of damages, not a cause of action."). Although some Texas courts of appeals refer generally to "an action for restitution," *e.g., Mowbray*, 76 S.W.3d at 680; *Oxford Fin. Cos., Inc. v. Velez*, 807 S.W.2d 460, 465 (Tex. App. 1991, writ denied), these opinions do not address whether a plaintiff can bring a stand-alone claim for restitution, nor do they recite the elements for such a cause of action.

Accordingly, the court holds that there is an insufficient basis to conclude that Texas law would recognize restitution as a stand-alone cause of action. The court thus grants Trivista and Pugliese's motion to dismiss third-party plaintiffs' claim for restitution and unjust enrichment. *See Celanese Corp. v. Coastal Water Auth.*, 475 F.Supp.2d 623, 639 (S.D. Tex. 2007) (granting motion to dismiss restitution claim and recognizing that "[r]estitution and unjust enrichment are remedies, not causes of action.").

Third-party plaintiffs recognize that Texas law "is somewhat ambiguous" regarding the appropriate cause of action in this case, and they request the opportunity to style their claims as a cause of action for money had and received, arguing that their "counsel's best effort to interpret Texas case law should not prejudice Third-Party Plaintiffs' equitable

- 5 -

claims when, as here, the unique facts at issue are clearly stated, and Third-Party Defendants are on notice of the conduct at issue." 3d Party Ps. Br. 7 n.12.  In § IV, the court is granting third-party plaintiffs leave to amend their third-party claims.  They will therefore have an opportunity to plead a claim for money had and received when they amend.

### III

In connection with their claim against Trivista and Pugliese for restitution and unjust enrichment, third-party plaintiffs allege that they "are entitled to recover the reasonable value of their equitable shares in the [Texas Vanguard Oil Company ("TVOC")] assets," Am. 3d Party Claims ¶ 81, which Trivista "now owns," *id.* ¶ 35.  Trivista asserts a declaratory judgment counterclaim against third-party plaintiffs, seeking a declaration that third-party plaintiffs have no interest in Trivista or any of its assets, and seeking attorney's fees.

Third-party plaintiffs move to dismiss Trivista's counterclaim for attorney's fees, contending that Trivista has failed to cite any substantive basis for such a recovery.  Trivista apparently agrees and withdraws its claim for attorney's fees.  Accordingly, because third-party plaintiffs do not move to dismiss Trivista's counterclaim on any other basis, the court denies their motion without prejudice as moot.

### IV

The court next considers third-party plaintiffs' motion for leave to amend their pleadings.

A

Plaintiff Mark Roach ("Roach") filed this suit in Texas state court on August 6, 2013. Third-party plaintiffs removed the case to federal court on September 6, 2013 and filed their answer and counterclaim on September 13, 2013. On June 20, 2014 third-party plaintiffs filed their first amended answer, counterclaims and cross-claims,[1] asserting third-party claims against Trivista and Pugliese. On December 2, 2014 the court granted a motion to dismiss filed by Trivista and Pugliese, but it permitted third-party plaintiffs to amend. *Roach I*, 2014 WL 6772612, at *2. The court also entered a scheduling order,[2] setting May 1, 2015 as the deadline for moving for leave to amend the pleadings. On December 30, 2014 third-party plaintiffs filed their amended third-party claims, which is their operative pleading against Trivista and Pugliese.

On May 30, 2014 and July 1, 2014 third-party plaintiffs filed motions to compel, seeking the production of documents that Roach asserted were protected by the attorney-client privilege. The court referred the motions to Judge Stickney, who issued a ruling on March 30, 2015, ordering Roach to produce documents on or before April 10, 2015. Third-party plaintiffs contend that the documents produced pursuant to Judge Stickney's ruling

---

[1]Third-party plaintiffs' June 20, 2014 pleading incorrectly asserted "cross-claims," rather than "third-party claims" against Trivista and Pugliese. *See Roach I*, 2014 WL 6772612, at *1 n.1.

[2]Although not noted as such, the December 2, 2014 scheduling order was an amended scheduling order. The prior scheduling order, entered January 8, 2014, set May 30, 2014 as the deadline for filing motions for leave to amend the pleadings.

further explain the relationship among Roach, Trivista, and Pugliese, and show the extent of Trivista and Pugliese's knowledge of third-party plaintiffs, as well as the involvement of Trivista and Pugliese during the time after the filing of this lawsuit but before Trivista acquired the TVOC assets.

Third-party plaintiffs move for leave to amend their pleadings, allegedly based on the information learned in discovery, to add additional factual allegations regarding Roach, Trivista, and Pugliese, and to add claims against these three parties for misappropriation of trade secrets and conversion.

B

Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." "'It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court.'" *Garcia v. Zale Corp.*, 2006 WL 298156, at *1 (N.D. Tex. Feb. 1, 2006) (Fitzwater, J.) (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)). When, as here, "a party files a motion for leave to amend by the court-ordered deadline, there is a 'presumption of timeliness.'" *Pyramid Transp., Inc. v. Greatwide Dall. Mavis, LLC*, 2012 WL 5875603, at *2 (N.D. Tex. Nov. 21, 2012) (Fitzwater, C.J.) (quoting *Poly-Am., Inc. v. Serrot Int'l Inc.*, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.)). "Granting leave to amend . . . 'is by no means automatic.'" *Hoffman v. L & M Arts*, 2012 WL 4321739, at *4 (N.D. Tex. Sept. 21, 2012) (Fitzwater, C.J.) (quoting *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993)), *appeals docketed*, Nos. 15-10046 (5th Cir. Jan. 20, 2015), 15-10293 (5th Cir. Apr. 8, 2015).

In deciding whether to grant leave to amend, "[t]he court may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.* (citation omitted).

C

Trivista and Pugliese oppose third-party plaintiffs' motion, contending that the documents recently produced bear no relation to third-party plaintiffs' new claims for conversion or misappropriation of trade secrets; third-party plaintiffs have been aware of the facts giving rise to their proposed new causes of action since before the first pleading in this case was filed and have unduly delayed seeking leave to amend; third-party plaintiffs have repeatedly failed to cure pleading deficiencies in previous amendments; and granting third-party plaintiffs an additional opportunity to replead would unduly prejudice Trivista and Pugliese because they will have to file an additional motion to dismiss, and the new claims will require additional discovery and may require an additional expert witness.

In their reply, third-party plaintiffs point to specific documents produced on April 7, 2015 that they contend "validate [their] suspicions and fuel additional concerns regarding Roach's and Pugliese's discovery responses and allegations of facts at issue in this lawsuit—further implicating Trivista and Pugliese." 3d Party Ps. Reply 6. They contend that Roach, Pugliese, and Trivista have sought to use the delay and confusion caused by *their* deliberate and ongoing changes to the structure of Trivista and the ownership of the TVOC assets to avoid liability while profiting from the use of third-party plaintiffs' confidential and

proprietary work product. And they contend that Trivista and Pugliese will not be unfairly prejudiced by the proposed amendments because the case has not yet proceeded to depositions and experts have not yet been disclosed.

D

The court concludes that the relevant factors do not support denying leave to amend. Assuming *arguendo* that the newly-produced documents do not directly bear on plaintiffs' proposed conversion and misappropriation of trade secrets causes of action and that third-party plaintiffs have likely been aware of the facts underlying these new causes of action for many months, the court finds no evidence of bad faith or a dilatory motive on the part of third-party plaintiffs. Additionally, despite Trivista and Pugliese's arguments to the contrary, the court does not agree that undue prejudice will result from granting leave to amend. Discovery is still in its early stages, with depositions and disclosure of experts still remaining to be completed and the discovery deadline many months away.[3] Finally, although third-party plaintiffs *did* fail to cure the pleading deficiencies identified by the court in *Roach I*, 2014 WL 6772612, at *2, the amendments third-party plaintiffs propose do not relate to those pleading deficiencies, and the court has not yet had occasion to address on the merits any claim for conversion or misappropriation of trade secrets.

The court therefore grants the motion for leave to amend. Third-party plaintiffs must

---

[3]The December 2, 2014 scheduling order sets October 30, 2015 as the deadline for completing discovery, August 14, 2015 as the deadline for designating expert witnesses, and September 14, 2015 as the deadline for designating rebuttal expert witnesses. Moreover, the court is enlarging these deadlines in § VI of this memorandum opinion and order.

file their amended pleading within 14 days of the date this memorandum opinion and order is filed.

V

Because the court is granting third-party plaintiffs' motion for leave to amend pleadings, it denies without prejudice as moot their motion for leave to supplement their reply in support of motion for leave to amend pleadings.

VI

Finally, third-party plaintiffs move to extend deadline to designate experts and certain other deadlines in scheduling order. No response has been filed to the motion, and the court now grants it.

Accordingly, the deadline for a party with the burden of proof on a claim or defense to designate expert witnesses and otherwise comply with Rule 26(a)(2) is extended from August 14, 2015 to September 21, 2015.

The deadline for a party to designate rebuttal experts and otherwise comply with Rule 26(a)(2) is extended from September 14, 2015 to October 21, 2015.

The deadline for the parties to complete discovery and to file a joint estimate of trial length and a status report is extended from October 30, 2015 to November 13, 2015.

And the deadline to file a summary judgment motion and a motion not otherwise covered by the scheduling order is extended from November 13, 2015 to November 25, 2015.

* * *

The court decides the motions as set out above.

**SO ORDERED**.

August 31, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE